UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.T., by and through his parent and next friend, JAMIE HARVELL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:08CV1431RWS<br>) |
| MISSOURI STATE BOARD OF EDUCATION, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff J.T., by and through his parent and next friend, Jaime Harvell, filed this Complaint against Defendants Missouri State Board of Education, Missouri Department of Elementary and Secondary Education, State Schools for the Severely Handicapped,[1] collectively ("State Defendants"), and Festus R-VI School District seeking injunctive and monetary relief under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the United States Constitution against all defendants. J.T. also alleges violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* against State Defendants. Defendant Festus R-VI School District has moved to dismiss on the basis that J.T. failed to exhaust his administrative remedies.

---

[1] On August 28, 2008, the State Schools for the Severely Handicapped was renamed the Missouri Schools for the Severely Disabled. Mo. Rev. Stat. §162.730; L.2008, H.B. No. 1807, § A. Because the parties refer to the defendant as "State Schools for the Severely Handicapped" in the complaint and in their memoranda, I will also use that name.

Because J.T.'s allegations of disability discrimination against Festus do not, on the face of the complaint, relate to the development of J.T.'s individualized education program, I will deny Festus' motion.

*Background*

In the portions of J.T.'s complaint relevant to claims against Festus R-VI School District, J.T. alleges:

J.T. is a severely disabled seventeen year-old student who has been diagnosed with Trisomy 15 & 18 genetic disorders, Spastic Quadriplegic Cerebral Palsy, seizure disorder and a thyroid condition. Festus R-VI School District is a public school district located in Jefferson County, Missouri. Defendants excluded J.T. from the District and placed him in the State Schools for the Severely Handicapped program on the basis of his disability.

J.T. has been a student at Mapaville State School for the Severely Handicapped for the last twelve years. Mapaville is one of several State Schools for the Severely Handicapped. The State Schools are operated by the Missouri Department of Elementary and Secondary Education, the state agency responsible for accreditation and management of public schools in Missouri. The Missouri State Board of Education is responsible for supervising instruction in all public schools in Missouri.

Mapaville suffers from systemic inadequacies. Staff are unsupervised and unaccountable for their failures to effectuate individualized education program ("IEP") goals or otherwise treat the students with human dignity. Mapaville's chronic inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aids and untended

classrooms have resulted in a trivial and meaningless education for J.T. Additionally, J.T. has suffered emotional and physical abuse at Mapaville.

In response to these failures, J.T. sought relief through the administrative process provided by the state of Missouri. On March 20, 2008, J.T. filed a due process complaint with the Department of Elementary and Secondary Education. Festus was not a party to the due process proceeding. The Chairperson of the hearing panel addressed two issues: (1) whether J.T. received a free appropriate public education for the two years preceding the filing, and (2) whether J.T.'s individual education program was reasonably calculated to provide an educational benefit. J.T. sought leave to amend to add claims under the Rehabilitation Act, the ADA and the Equal Protection Clause. Leave to amend was denied because the panel lacked jurisdiction over those issues.

The due process hearing was held on August 6, 2008. Despite its conclusion that J.T. had regressed on his physical therapy goals, the panel determined that J.T. had received a free appropriate public education.

J.T. seeks damages from the District for its exclusion of J.T. from the district based on his disability. He also seeks a declaration that his placement at Mapaville violates the Equal Protection Clause. J.T.'s prayer for relief also seeks other remedies from the State Defendants.

*Legal Standard*

There is a dispute among the Circuit Courts of Appeals whether the failure to exhaust administrative remedies is a jurisdictional requirement under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") or whether exhaustion is merely a condition precedent for filing an IDEA lawsuit. The Seventh and Eleventh Circuits have held that the

failure to exhaust administrative remedies does not deprive a court of subject matter jurisdiction. See, e.g., Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68, 98 F.3d 989, 991 (7th Cir. 1996); N.B. by D.G. v. Aluchua County Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996). These courts reason that the lack of exhaustion is usually waivable while lack of jurisdiction is not. Charlie F., 98 F.3d at 991. Because the exhaustion requirement is not jurisdictional, it "is not to be applied inflexibly." N.B. by D.G., 84 F.3d at 1379. In these jurisdictions, the failure to exhaust administrative remedies is an unmet condition precedent for filing a lawsuit and results in dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or is considered after the answer has been filed. Moseley v. Bd. of Educ., 434 F.3d 527, 533 (7th Cir. 2006).

Other Courts conclude that exhaustion of administrative remedies is a jurisdictional prerequisite. See, e.g., Polera v. Bd. of Educ., 288 F.3d 478, 483 (2d Cir. 2002); MM v. Sch. Dist. of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002); Witte v. Clark County Sch. Dist., 197 F.3d 1271, 1274 (9th Cir. 1999); Urban v. Jefferson County Sch. Dist. R-1, 89 F.3d 720, 725 (10th Cir. 1996). In these jurisdictions, the failure to exhaust administrative remedies results in dismissal for lack of subject matter jurisdiction. See Urban, 89 F.3d at 725.

The Eighth Circuit has not squarely addressed the issue. In M.P. v. Indep. Sch. Dist. No. 721, 439 F.3d 865, 867 (8th Cir. 2006), the school district moved for dismissal under both Fed. R. Civ. P 12(b)(1) and (b)(6). The district court dismissed the school district under Fed. R. Civ. P. 12(b)(1). Id. The Eighth Circuit did not address whether dismissal was appropriate under 12(b)(1) or 12(b)(6), but it did state that "even when an IDEA claim fails for lack of jurisdiction, a Section 504 claim may still be considered." Id. at 868. This dicta indicates that the Eighth Circuit would treat the issue as one of subject matter jurisdiction. Generally, district courts

within the Eighth Circuit view the failure to exhaust administrative remedies as jurisdictional. See, e.g., K.F. v. Francis Howell R-III Sch. Dist., 4:07CV1691ERW, 2008 WL 723751, at *2 (E.D. Mo. Mar. 17, 2008) ("The Court believes that in the Eighth Circuit the matter is properly treated as one of subject matter jurisdiction."); A.C. v. Indep. Sch. Dist. No. 152, 2006 WL 3227768, at *2 (D. Minn. Nov. 7, 2006) ("In general, a court lacks subject matter jurisdiction to hear an IDEA dispute unless an plaintiff exhausted all available state administrative review procedures prior to filing suit."); but see Dohmen v. Twin Rivers Pub. Schs., 207 F. Supp.2d 972, 989 (D. Neb. 2002) (discussing different approaches to the issue).

As a result, I will treat Festus' motion as one to dismiss for failure to exhaust administrative remedies as one for lack of subject matter jurisdiction under Rule 12(b)(1).[2] The issue goes directly to the "very power to hear the case," Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" Id. at 729 n.6. "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id.

---

[2] Festus' motion and memoranda are somewhat confusing. In the motion, Festus states it moves to dismiss for failure to state a claim in that J.T. failed to exhaust administrative remedies. In the memorandum in support, Festus states it moves to dismiss under Rule 12(b)(6) because this Court lacks subject matter jurisdiction. Festus also identifies the legal standard as one for failure to state a claim rather than for lack of subject matter jurisdiction. In its reply, Festus argues that J.T.'s claims should be dismissed for failure to state a claim. Because Festus arguments, in either case, are based on the IDEA's exhaustion requirement and I have determined that the Eighth Circuit would treat the issue as one of jurisdiction, I will analyze it under Rule 12(b)(1).

In this case, the parties agree that Festus makes a facial attack to subject matter jurisdiction. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

*Discussion*

Festus' sole basis for dismissal is that J.T.'s claims against it under the IDEA, the Rehabilitation Act, the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 must be dismissed because J.T. failed to exhaust his administrative remedies against the district. J.T. responds that he has not brought claims against Festus under the IDEA, that he was not required to name Festus in order to exhaust his IDEA remedies, and that exhaustion would be futile and inadequate.

*The IDEA Claim*

Festus argues that J.T.'s claims based on the IDEA against it must be dismissed for failure to exhaust administrative remedies. A review of J.T.'s complaint shows that J.T. brings his IDEA claim, appealing the Due Process Order in Count I, against only the parties named in the due process complaint. J.T. asserts Rehabilitation Act, ADA and § 1983 claims against Festus in Counts II–IV. Because J.T. does not bring an IDEA claim against Festus, there is no claim to dismiss.

*The Remaining Claims*

The IDEA's exhaustion requirement is not limited to claims brought under the IDEA. Section 1415(l) of the IDEA states,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. § 1415(l) (emphasis added). "The IDEA exhaustion requirement applies to claims brought under section 504 or other federal statutes only to the extent those claims seek relief that is also available under the IDEA." M.Y. v. Special Sch. Dist. No. 1, 544 F.3d 885, 888 (8th Cir. 2008). In M.Y., the Eighth Circuit noted with approval the district court's observation that the IDEA's "administrative procedures and remedies were only designed to address prospective educational benefits." Id. Claims that must be exhausted are those related "to the IEP process, which involves individual identification, evaluation, educational placement, and free, appropriate education (FAPE) decisions." M.P. v. Indep. Sch. Dist. No. 721, 439 F.3d 865, 868 (8th Cir. 2006).

The issue then is whether J.T.'s discrimination claims relate to the IEP process or is "wholly unrelated" to that process. Id. J.T.'s claims that Festus discriminated against him by excluding him from the District and placing him in the State School program which suffers from systemic infirmities based on his disability. Festus argues that its referral of J.T. to the State Schools for the Severely Handicapped is "unquestionably a FAPE decision" and relates exclusively to the development and implementation of J.T.'s IEP. The complaint, however, does not allege that Festus's decision to exclude J.T. from the district was related to the

development and implementation of J.T.'s IEP. I have carefully reviewed the complaint and the attached exhibits. Nowhere does J.T. allege that Festus' decision to exclude him from the district relates to J.T.'s IEP. While the Due Process Order attached to J.T.'s complaint states that the District "is responsible for providing some special education services, notably a periodic educational evaluation of the Student," the order does not indicate that the District's decision to exclude him was based on J.T.'s IEP. Because this is a facial challenge to subject matter jurisdiction, I will not look beyond the pleadings. Here, the pleadings do not refer to the District's role in developing an IEP for J.T.

Because Festus makes a facial challenge to jurisdiction and the pleadings do not, on their face, describe Festus' exclusion of J.T. from the District as relating to J.T.'s IEP, I will deny Festus' motion to dismiss for lack of subject matter jurisdiction without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Festus R-VI School District's motion to dismiss [#13] is **DENIED**.

Dated this <u>4th</u> day of <u>February</u>, 2009.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE