UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.T., *by and through his parent and next friend*, JAMIE HARVELL | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:08CV1431RWS<br>) |
| MISSOURI STATE BOARD OF EDUCATION, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff J.T., by and through his parent and next friend, Jamie Harvell, filed this Complaint against Defendants Missouri State Board of Education, Missouri Department of Elementary and Secondary Education, State Schools for the Severely Handicapped, (collectively "State Defendants"), and Festus R-VI School District ("Festus" and the "District"), seeking injunctive and monetary relief under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), Section 504 of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the United States Constitution. Festus now moves to dismiss J.T.'s § 1983 claim against it because it is not a "person," and therefore cannot be sued under § 1983. J.T. has not responded.[1]

Because Festus does qualify as a "person" under § 1983, I will deny the motion.

---

[1] Local Rule 4.01(B) requires that "[e]xcept with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." More than thirty days have passed without a response from J.T.

*Background*

In the portions of J.T.'s complaint relevant to the claims against Festus, J.T. alleges:

J.T. is a severely disabled seventeen year-old student who has been diagnosed with Trisomy 15 & 18 genetic disorders, Spastic Quadriplegic Cerebral Palsy, seizure disorder and a thyroid condition. Festus R-VI School District is a public school district located in Jefferson County, Missouri. Defendants excluded J.T. from the District in furtherance of an official policy or custom and placed him in the State Schools for the Severely Handicapped program on the basis of his disability.

J.T. has been a student at Mapaville State School for the Severely Handicapped for the last twelve years. Mapaville is one of several State Schools for the Severely Handicapped ("State Schools"). The State Schools are operated by the Missouri Department of Elementary and Secondary Education, the state agency responsible for accreditation and management of public schools in Missouri. The Missouri State Board of Education is responsible for accreditation and management of public schools in Missouri. The Missouri State Board of Education is responsible for supervising instruction in all public schools in Missouri.

Mapaville suffers from systemic inadequacies. Staff are unsupervised and unaccountable for their failures to effectuate individualized education program ("IEP") goals or otherwise treat the students with human dignity. Mapaville's chronically inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aids and untended classrooms have resulted in a trivial and meaningless education for J.T. Additionally, J.T. has suffered emotional and physical abuse at Mapaville.

In response to these failures, J.T. sought relief through the administrative process provided by the state of Missouri. On March 20, 2008, J.T. filed a due process complaint with

the Department of Elementary and Secondary Education. Festus was not a party to the due process proceeding. The Chairperson of the hearing panel addressed two issues: (1) whether J.T. received a free appropriate public education for the two years preceeding the filing, and (2) whether J.T.'s IEP was reasonably calculated to provide an educational benefit. J.T. sought to amend to add claims under the Rehabilitation Act, the ADA and the Equal Protection Clause. Leave to amend was denied because the panel lacked jurisdiction over those issues.

The due process hearing was held on August 6, 2008. Despite its conclusion that J.T. had regressed on his physical therapy goals, the panel determined that J.T. had received a free appropriate public education.

J.T. seeks damages from the District for its exclusion of J.T. from the District based on his disability. He also seeks a declaration that his placement at Mapaville violates the Equal Protection Clause. J.T.'s request for relief also seeks other remedies from the State Defendants.

*Legal Standard*

When ruling on a motion to dismiss for failure to state a claim, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

*Discussion*

On February 4, 2009, I dismissed J.T.'s § 1983 Equal Protection claim against State Defendants because State Defendants did not qualify as "persons," and therefore could not be

sued under § 1983. Festus argues that it, as a governmental entity, is also not a "person," and cannot be sued under § 1983.

Section 1983 of Title 42 provides, "[e]very person who, under color of [law] causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ." "Section 1983 provides a cause of action against 'persons' only." Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

For purposes of § 1983, a state is not a "person." Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 71 (1989). A suit against a *state* Board of Education or Department of Education qualifies as an action against the state. Cf. Robinson v. Kansas, 295 F.3d 1183, 1191 (10th Cir. 2002). Therefore, J.T. may not bring a § 1983 suit against State Defendants because they are not "persons" under the statute.

Festus, however, may be sued under § 1983. In Monell v. Dep't. of Social Servs., the Supreme Court clarified that local governmental entities, do qualify as "persons" and therefore may be sued under § 1983 if it is alleged that an official policy or custom "is responsible for a deprivation of rights protected by the Constitution." 436 U.S. 658, 690-92 (1978). The Eighth Circuit has routinely permitted school districts in Missouri to be sued under § 1983 under Monell. See e.g., Thelma D. *ex. rel.* Delores A. v. Bd. of Educ., 934 F.2d 929, 932 (8th Cir. 1991); S.J. v. Kansas City Missouri Public Sch. Dist., 294 F.3d 1025, 1028 (8th Cir. 2002); Jennings v. Wentzville R-IV Sch. Dist., 397 F.3d 1118 (8th Cir. 2005); P.H. v. Sch. Dist. of Kansas City, 265 F.3d 653 (8th Cir. 2001). Festus, as a school district in Missouri, qualifies as a "person" for § 1983 purposes. As a result, I will deny Festus' motion to dismiss Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Festus R-VI School District's supplemental motion to dismiss [#30] is **DENIED**.

Dated this 23rd day of March, 2009.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE